NO. 07-10-0406-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 22, 2011

_____

ANDREW YATES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY;

NO. 1159467D; HON. GEORGE GALLAGHER, PRESIDING
_____

***On Abatement and Remand***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Andrew Yates, appellant, appeals his conviction from the offense of robbery causing bodily injury. Appellant timely perfected this appeal by filing a notice of appeal on September 9, 2010. The clerk's record was filed on November 15, 2010, and the reporter's record on November 18, 2010. Therefore, appellant's brief was due to be filed by December 20, 2010. No brief or extension motion was filed by that date. On December 28, 2010, the court sent a letter to counsel for appellant notifying him that the brief was overdue and that it or a response was due on January 7, 2011. On January 7,

2011, counsel for appellant filed a motion to extend time to file appellant's brief, which was granted to February 10, 2011, with the admonition that no further extensions would be granted. To date, no brief has been filed.

Consequently, we abate the appeal and remand the cause to the 396th District Court of Tarrant County (trial court) for further proceedings. Upon remand, the trial court shall undertake those proceedings necessary to determine the following:

1. whether appellant is indigent;

2. whether appellant desires to prosecute the appeal;

3. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief); and,

4. why appellant's appointed counsel has not complied with the previously established deadline.

Should the trial court find that appellant desires to pursue the appeal, is indigent, and has been denied effective assistance of counsel, we direct it to appoint new counsel for appellant to prosecute the appeal. Any and all orders issued as a result of its proceeding shall be included in a supplemental clerk's record and filed with this court on or before March 24, 2011. Should additional time be needed to perform these tasks, the trial court may request same on or before March 24, 2011.

It is so ordered.

Per Curiam

Do not publish.

2